```
                                                              FILED
                                                        IN CLERK'S OFFICE
                                                     U.S. DISTRICT COURT E.D.N.Y
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                         ★   DEC 16 2010   ★
```

SHARON THOMAS a/k/a SHARON JONES on behalf of herself
And all similarly situated consumers                    LONG ISLAND OFFICE

Plaintiff,

-against-                          **CV 10 5853**

                                             (S1)
ALLIANCEONE RECEIVABLES MANAGEMENT, INC.

Defendant.                         **KORMAN, J.**

## CLASS ACTION COMPLAINT

**CARTER, M.J.**

*Introduction*

1. Plaintiff Sharon Thomas seeks redress for the illegal practices of Allianceone Receivables Management, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

*Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to NCO Portfolio Management.

4. Upon information and belief, defendant is a Delaware corporation with a principal place of business is located in Trevose, Pennsylvania. It is an active foreign corporation in the State of New York.

1

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Sharon Thomas*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. Defendant sent the plaintiff an initial collection letter seeking to collect a balance allegedly owed to NCO incurred for personal purposes dated December 18, 2010.

11. Said letter states in part as follows: "The total account balance as of the date of this letter is shown below.  Your account balance may increase because of interest or other charges, if so provided in your agreement with your creditor. . . As of the date of this letter, you owe $339.35.  Your account balance may be periodically increased due to the addition of accrued interest or other charges if so provided in your agreement with your original creditor."

12. The least sophisticated consumer or any consumer will be confused over the presentation of the letter.

13. The letter suggests that the interest may increase, but it depends upon the agreement with the creditor.

14. The letter sets forth that the client is NCO Portfolio Management.

15. The entire letter does not set forth the name of the original creditor.

16. According to established caselaw, the defendant is not obligated to set forth any language concerning what may happen in the future with interest or other charges.

17. The debt collector is obligated to set forth the amount of the debt as of the date of the letter.

18. The debt collector has volunteered additional information which now confuses the consumer in a material fashion.

19. At the time of the receipt of the collection letter, the consumer will not know if the debt increases over time or not.

20. According to the language of 1692g which is set forth in the collection letter at issue, the consumer must write to the debt collector in order to determine who is the original creditor.

21. The consumer is left with uncertainty.

22. If the consumer writes to the defendant, it may take time until the defendant provides the name of the original creditor.

23. According to 1692g there is no time frame for providing the information.

24. The only requirement is that if the consumer requests verification, the debt collector must cease collecting until the information is provided.

3

25. The consumer will be tempted to pay the debt right away to avoid the chance of having more interest or other charges accrue where the debt may accrue additional interest or other charges.

26. The representation set forth above has material consequences for the consumer.

27. The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692e and 1692e(10) for engaging in deceptive practices.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

28. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-27 as if set forth fully in this Cause of Action.

29. This cause of action is brought on behalf of plaintiff and the members of a class.

30. The Class consists of consumers who received the same form letter, as did the plaintiff.

31. The Class consists of all persons whom Defendant's records reflect resided in the United States and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about December 18, 2009; (b) the collection letter was sent to a consumer seeking payment of a personal debt where there was no pending judgment; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. §§ 1692e and 1692e(10).

32. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

33. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications

resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

34. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

35. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

36. The defendant's actions violate the Fair Debt Collection Practices Act.

37. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
December 15, 2010

                                              Adam J. Fishbein, P.C.  (AF-9508)
                                              Attorney At Law
                                          **Attorney for the Plaintiff**
                                              483 Chestnut Street
                                              Cedarhurst, New York 11516
                                              Telephone (516) 791-4400
                                              Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)

**AllianceOne**
Receivables Management, Inc.

4850 Street Rd. Suite 300
Trevose PA 19053

⬆ Please send all correspondence to the above address

Telephone: 215-354-5500 / 800-866-0505
December 18, 2009

Name : SHARON JONES
Account Number : 19775324        PIN : N/A
Client Reference Number : 0018404434
Client : NCO PORTFOLIO MANAGEMENT

Your account has been referred to our office for Collections.

If this has been an oversight on your behalf, mail the balance in full to our office. If you are experiencing financial difficulties, call our office and a representative will assist you in negotiating a suitable arrangement.

The total account balance as of the date of this letter is shown below. Your account balance may increase because of interest or other charges, if so provided in your agreement with your creditor.

Telephone: 215-354-5500 / 800-866-0505

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

By sending us a check or giving us your checking account information for payment, you authorize AllianceOne to collect funds electronically, in which case your check may not be returned to you. We can also arrange for a direct debit from your checking account.

As of the date of this letter, you owe $339.35. Your account balance may be periodically increased due to the addition of accrued interest or other charges if so provided in your agreement with your original creditor.

This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

New York City Department of Consumer Affairs license number is 1265893.

---

✕ Detach Bottom Portion And Return With Payment ✕

PO BOX 510987
LIVONIA MI 48151-6987
RETURN SERVICE REQUESTED

⬆ Mail return address only; send no letters

To contact us regarding your account, call:
215-354-5500 / 800-866-0505          **AllianceOne**

| Regarding |||
|---|---|---|
| NCO PORTFOLIO MANAGEMENT |||
| Client Reference Number | Balance | Amount Enclosed |
| 0018404434 | $339.35 | $ |

⬇ Please make check or money order payable to:

S-ONAMFC10  L-3086B  A-19775324  O-NCO
P0YLL700403913 I05348

SHARON JONES
1760 UNION ST APT E6
BROOKLYN NY 11213-5015

ALLIANCEONE RECEIVABLES MANAGEMENT INC.
PO BOX 3100
SOUTHEASTERN PA 19398-3100

NCO 0000000018404434 19775324 3 00000000 0000033935 0000000000 0