10 Civ. 5853 (ERK)(ALC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHARON THOMAS a/k/a SHARON JONES on behalf of herself and all similarly situated consumers,

                              Plaintiff,

-against-

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,

                              Defendant.

---

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

---

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Attorneys for Defendant
77 Water St., Suite 2100
New York, New York 10005

Of Counsel:  Ivan D. Smith, Esq.
Tel:       (212) 232-1300
ismith@lbbslaw.com

## TABLE OF AUTHORITIES

### Cases

Adlam v. FMS,
  No. 09 Civ. 9129, 2010 U.S. Dist. LEXIS 33433
  (S.D.N.Y. April 5, 2010) .................................................................................. 8, 9, 12, 13

Ashcroft v. Iqbal,
  129 S. Ct. 1937 (2009) .................................................................................................... 5

Bell Atlantic v. Twombly,
  550 U.S. 544 (2007) ........................................................................................................ 5

Brass v. American Film Technologies, Inc.,
  987 F.2d 142 (2d Cir. 1993) ........................................................................................... 5

Chambers v. Time Warner, Inc.,
  282 F.3d 147 (2d Cir. 2002) ........................................................................................... 5

Clomon v. Jackson,
  988 F.2d 1314 (2d Cir. 1993) ...................................................................................... 7, 8

Dragon v. I.C. System, Inc.,
  483 F. Supp. 2d 198 (D. Conn. 2007) ........................................................................... 12

Golubeva v. Gc Servs.,
  No. 10 Civ. 2137, 2010 U.S. Dist. LEXIS 141874
  (E.D.N.Y. Dec. 28, 2010) ................................................................................ 7, 9, 10, 11

Greco v. Trauner, Cohen & Thomas, L.L.P.,
  412 F.3d 360 (2d Cir. 2005) ........................................................................................... 8

Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C,
  214 F.3d 872 (7th Cir. 2000) ............................................................................. 10, 11, 12

Smith v. Lyons, Doughty & Veldhuius, P.C.,
  No. 07 Civ. 5139, 2008 U.S. Dist. LEXIS 56725
  (D.N.J. July 23, 2008) ................................................................................................... 12

### Statutes

15 U.S.C. § 1692 ....................................................................................... 1, 6, 7, 9, 12

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................... i

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ........................................................................................ 3

ARGUMENT .............................................................................................................. 5

    THE COMPLAINT FAILS TO STATE A CLAIM
    FOR RELIEF UNDER THE FDCPA.................................................................. 5

        A.   Standard on a Motion Dismiss ....................................................... 5

        B.   The Letter Does Not Violate the FDCPA........................................ 6

        (a)  The Letter Contains All The Language Required by the FDCPA.............................. 6

        (b)  The Letter is not Misleading or Deceptive................................................................. 7

CONCLUSION ......................................................................................................... 14

## PRELIMINARY STATEMENT

Plaintiff, Sharon Thomas ("Plaintiff" or "Thomas"), brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA" or the "Act"), alleging that defendant, AllianceOne Receivables Management, Inc. ("AllianceOne" or "Defendant"), sent her a collection letter that violated the Act. In particular, plaintiff claims that certain language concerning the possibility of interest accruing on her debt is misleading, deceptive, and confusing to the least sophisticated consumer. Plaintiff also appears to allege that the collection letter at issue does not contain all the information required by the FDCPA.

AllianceOne now moves to dismiss the Complaint on the grounds that the Complaint fails to state a claim upon which relief can be granted. First, the Letter contains all the information required by the FDCPA. Indeed, the letter tracks the language required by the FDCPA. As such, any claim that the letter lacks the information required by the FDCPA must be dismissed.

Second, the language of which plaintiff complains is neither misleading, deceptive, nor confusing. To the contrary, there is ample case law holding that the language plaintiff claims is violative of the FDCPA is entirely permissible. What plaintiff seeks to do is to use defendant's attempts at full disclosure against it - something that has been repeatedly rejected by the courts. Moreover, as one court recently reiterated, the dual purpose of the FDCPA is to protect consumers against deceptive debt collection practices *and* to protect debt collectors from unreasonable constructions of their communications. The interpretation of the letter that Plaintiff espouses disregards

4828-8158-2857.1

this dual purpose and is patently unreasonable.  Accordingly, the Complaint should be dismissed.

## STATEMENT OF FACTS[1]

Plaintiff alleges that she received a collection letter dated December 18, 2009 from AllianceOne (the "Letter"). See Complaint dated December 15, 2010 (the "Complaint"), ¶ 10. A copy of the letter is annexed to the Complaint. The Letter forms the basis of the instant litigation. See generally id. The Letter states in relevant part as follows:

> Your account has been referred to our office for Collection. ... The total account balance as of the date of this letter is shown below. **Your account balance may increase because of interest or other charges if so provided in your agreement with your creditor.**
>
> ***
>
> As of the date of this letter, you owe $339.35. **Your account balance may be periodically increased due to the addition of accrued interest or other charges if so provided in your agreement with your original creditor.**

(emphasis added). It is this highlighted language that plaintiff finds objectionable. This language is generally referred to as "safe harbor" language.

The Letter also includes the name of the client on whose behalf AllianceOne is attempting to collect the debt, NCO Portfolio Management, and provides an account number. The letter further provides that "[i]f you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different fro the current creditor."

---

[1] For the purposes of this Motion to Dismiss only, defendant assumes that the material facts alleged in the Complaint are true.

Plaintiff claims that the letter violates § 1692e(10) of the FDCPA in at least two ways. First, plaintiff claims that "the least sophisticated consumer will be confused over the presentation of this letter" because although the Letter asserts that the balance of the debt may increase depending on plaintiff's agreement with her original creditor, it does not list who the original creditor is. Id., ¶¶ 12, 13, 15, 20-22. Thus, plaintiff appears to allege that the letter does not contain all of the information required by the FDCPA.

Second, plaintiff claims that any consumer receiving the Letter will be confused by the language concerning interest that may accrue, because based on the language of the Letter "the consumer will not know if the debt increases over time or not", and will be "tempted to pay the debt right away to avoid the chance of having more interest or other charges accrue..." Complaint, ¶ 19, 25. Plaintiff does not allege that the Letter contains any false statements, or that the letter is susceptible to two or more different meanings. See generally id. Nor does plaintiff allege that she paid the debt at issue, or that she was in any way damaged by the Letter. See generally id.

## ARGUMENT

## THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER THE FDCPA.

A.   Standard on a Motion Dismiss

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). A plausible claim "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 557). Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. However, legal conclusions must be supported by factual allegations, and pleadings that are "no more than conclusions are not entitled to the assumption of truth." Id.

In considering a Rule 12(b)(6) motion, "a court may consider documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (internal citations and quotations omitted); Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993)(same).

B.     **The Letter Does Not Violate the FDCPA**

    (a) <u>The Letter Contains All The Language Required by the FDCPA</u>

Plaintiff's first claim, that the Letter is deceptive because it states that the balance of the debt may increase depending on plaintiff's agreement with her original creditor without actually listing the original creditor, is without basis.

The FDCPA requires that an initial collection letter contain all of the following information:

> (1)    the amount of the debt;
>
> (2)    the name of the creditor to whom the debt is owed;
>
> (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(1) – (5). The Letter contains all of the foregoing information. The Letter states the amount of the debt, "$339.35"; provides the name of the creditor, "NCO

Portfolio Management"; and includes statements that mirror the language of subsections (3) through (5) § 1692g(a) of the Act. See the Letter. The Letter does not list the original creditor, and the Act does not require that such information be provided. However, the letter provides that "[i]f you request this office in writing within 30 days after receiving this notice, **this office will provide you with the name and address of the original creditor, if different from the current creditor.**" (emphasis added). That is all the FDCPA requires. See 15 U.S.C. § 1692g(a). Given that the language used in the Letter tracks the language the FDCPA requires, plaintiff can hardly argue that the language is deceptive or incomplete. Accordingly, the Plaintiff's first claim should be dismissed.

(b) The Letter is not Misleading or Deceptive

Plaintiff's second claim, that the letter is misleading, deceptive, or confusing, is similarly without merit. The FDCPA, provides, among other things, that "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" is a violation of the Act. Id. at § 1692e(10). "A debt collection letter can be deceptive within the meaning of § 1692e(10) if: (1) the terminology used is vague or uncertain; or (2) it can reasonably be read to have at least two different meanings, one of which is inaccurate." Golubeva v. Gc Servs., No. 10 Civ. 2137, 2010 U.S. Dist. LEXIS 141874, at *9 (E.D.N.Y. Dec. 28, 2010) (internal citations omitted).

In the Second Circuit, courts use the "least sophisticated consumer" test, in determining whether debt collection letters are deceptive or misleading, and therefore, violate the FDCPA. See Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2d Cir. 1993); accord Golubeva, 2010 U.S. Dist. LEXIS 141874 at **5-6. The purpose of this standard is to "ensure that the FDCPA protects all consumers, the gullible as well as the shrewd."

Clomon, 988 F.2d at 1318. The least sophisticated consumer test also serves the dual purpose of protecting all consumers while also "protect[ing] debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." Id. at 1320; see also Adlam v. FMS, No. 09 Civ. 9129, 2010 U.S. Dist. LEXIS 33433, at *5 (S.D.N.Y. April 5, 2010) (the FDCPA's dual purpose is "to protect consumers against deceptive debt collection practices **and to protect debt collectors from unreasonable constructions of their communications.**") (emphasis added).

As a result, "courts have consistently applied the least-sophisticated-consumer standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices." Id. at 1319. For even the least sophisticated consumer is "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005) (quoting Clomon, 988 F.2d at 1319).

Plaintiff does not appear to claim that the Letter is susceptible to at least two different meanings. Nor could she. As detailed below, the Letter unambiguously provides the balance as of the date of the Letter, and merely cautions that interest or fees *may* accrue depending on plaintiff's agreement with her original creditor. The only meaning that can be inferred from this language is its obvious one – that plaintiff owes a specified amount as of the date of the letter, which amount *may* increase depending on plaintiff's agreement with her original creditor. There is no other meaning that can be ascribed to these words. As such, to the extent that the Complaint can be read to include a claim that the letter is susceptible to at least two different meanings, such a claim must be dismissed.

Plaintiff's claims appear to be centered on her contention that the language in the Letter concerning the potential accrual of interest or fees is somehow vague, uncertain, and confusing to the least sophisticated consumer. The Letter advises plaintiff that: "[y]our account balance may be periodically increased due to the addition of accrued interest or other charges if so provided in your agreement with your original creditor." This language, however, is preceded by a statement that: "[a]s of the date of this letter, you owe $339.35." (emphasis added). Plaintiff's suggestion that the combination of this language is vague, misleading or deceptive ignores the dual purpose of the FDCPA, which includes protecting debt collectors from "unreasonable constructions of their communications." The letter unambiguously states the balance as of the date of the letter. That is all the FDCPA requires. See 15 U.S.C. § 1692g(a)(1); see also Adlam, 2010 U.S. Dist. LEXIS 33433, at **8-9 (debt collector satisfies the FDCPA by stating the total amount due as of the date of the collection letter). To the extent that plaintiff challenges the use of the "safe harbor" language about the potential accrual of interest (the "safe harbor language"), her claim, too, must fail.

A similar claim was rejected by Judge Cogan last December. In Golubeva[2], 2010 U.S. Dist. LEXIS 141874, Judge Cogan was presented with a collection letter that set forth total balance due as of the date of the letter, and also contained a settlement offer. Id. at *6. The settlement offer provided as follows:

> Our client has authorized us to offer you the opportunity to settle your account, you can pay 70% of the total amount due and our client will consider this account settled. To take advantage of this offer, contact our office or

---

[2] It is worth noting that the plaintiff's attorney in this case was Adam Fishbein, the same attorney suing AllianceOne herein.

> mail your remittance, in the form of a cashier's check or money order, in the amount of 13245.81. Please note that this letter does not reduce your rights [*7] as stated on the reverse side of this letter. ... Please make your check payable to Citibank (SD), N.A. and return it with this notice to the post office box listed above.
>
> IMPORTANT: This offer only pertains to the referenced account for the client and balance shown above.

Id. at **6-7. The balance due on the letter in Golubeva was listed as $18,922.59, with an asterisk. Id. at *7. The asterisk referred to a disclaimer on the bottom of the first page that indicated: "As of the date of this letter, you owe $18,922.59. **Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.** Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you." Id. (emphasis added). This language is virtually identical to the "safe harbor" language in the Letter.

As Judge Cogan noted, this language "mirrors the 'safe harbor' language proposed by the Seventh Circuit Court of Appeals in Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C., 214 F.3d 872 (7th Cir. 2000)[3], for debt collectors to

---

[3] The exact "safe harbor" language proposed by the court is as follows:

> As of the date of this letter, you owe $ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further

include in their collection letters to warn a debtor that the amount owed may increase over time." Golubeva, supra at *7.

The plaintiff in Golubeva argued that the "safe harbor" language at issue violated § 1692e(10) of the FDCPA because it was deceptive and confusing to the least sophisticated consumer. Specifically, the plaintiff argued that "because the 'safe harbor' language warns a consumer that the total *balance* on the account may increase, a consumer can be confused as to the total amount of the *settlement offer*." Id. at *9 (emphasis in original).

Judge Cogan disagreed. Id. at *10. More importantly, the Court observed that:

> Plaintiff is essentially seeking to use defendant's attempts at full disclosure against it, by grasping at straws to find any possible language that could be "confusing" and arguing that it is an FDCPA violation. This statute was not designed to provide monetary awards to creative plaintiffs, or to require debt collectors to disclaim away every possible term and interpretation. It simply forces debt collectors to refrain from using false, deceptive or misleading practices.

Id. at *11. This is precisely what the Plaintiff herein seeks to do – use the defendant's attempts at full disclosure against it by espousing a strained and unreasonable reading of the Letter. The Court should reject this attempt and dismiss the Complaint.

It is worth noting that beyond the Golubeva decision, some courts have held that a validation notice fails to satisfy the FDCPA unless it states the total amount due as of the date the letter is sent *and* also discloses whether the amount of the debt will

---

information, write the undersigned or call 1-800-[phone number].

Miller, 214 F.3d at 876.

increase due to interest. See, e.g., Miller, 214 F.3d at 876[4]; Dragon v. I.C. System, Inc., 483 F. Supp. 2d 198, 201-03 (D. Conn. 2007) (debt collector violated the act by failing to identify the date as of which the stated account balance was current and by failing to acknowledge that this balance would be periodically adjusted to reflect accrued interest); Smith v. Lyons, Doughty & Veldhuius, P.C., No. 07 Civ. 5139, 2008 U.S. Dist. LEXIS 56725, (D.N.J. July 23, 2008) (debt collector violated the act because the collection letter did not state the date on which the outstanding interest amount was calculated, and did not explain that interest would continue to accrue on unpaid principal). Therefore, defendant should not be penalized for acting prudently by including the "safe harbor" language in its collection letters, and the Complaint should be dismissed in its entirety.

AllianceOne included in the Letter all of the language required by the FDCPA, and for purposes of full disclosure, advised plaintiff that her balance *could* increase depending on her agreement with her original creditor. As the cases cited above evidence, there is nothing confusing, misleading, or deceptive about this language. All plaintiff had to do was obtain the name of her original creditor (if it was different from the creditor listed in the Letter), and inquire about the potential accrual of interest with her original creditor. The letter plainly states the actual balance as of the date of the letter, which, as previously noted, is all that the Act requires. See 15 U.S.C. § 1692g(a)(1); see also Adlam, 2010 U.S. Dist. LEXIS 33433, at **8-9 (debt collector satisfies the FDCPA by stating the total amount due as of the date of the collection letter). Plaintiff's contrary suggestion ignores the plain language of the Letter, and should be rejected.

---

[4] As noted in fn. 1, supra, the Miller court suggested that a debt collector could avoid liability by using certain "safe harbor" language in their validation letter.

Had AllianceOne failed to include the "safe harbor" language at issue, plaintiff surely would have claimed that the failure to include such language violated the Act. See Adlam, 2010 U.S. Dist. LEXIS 33433, at *3. In Adlam, the plaintiff's counsel, who is also the counsel for plaintiff here, attempted to use a creditor's failure to include "safe harbor" language in a collection letter against it. Specifically, plaintiff's counsel argued that "[b]ecause the [collection] letter does not state that the balance can increase over time, it leaves the least sophisticated consumer uninformed or confused as to the amount due." Id. Now, plaintiff disingenuously argues the exact opposite – that the inclusion of such language in a collection letter violates the Act. Thus, plaintiff is seeking to place defendant in a Catch-22 situation. According to plaintiff, if defendant fails to include the "safe harbor" language in its collection letters, it violates the Act. On the other hand, if defendant includes the "safe harbor" language in a collection letter, as defendant did here, plaintiff claims it also violates the Act. The Court should not countenance such a distorted interpretation of the FDCPA, and should reject the plaintiff's misguided attempt to manufacture a claim where none exists. The Complaint should be dismissed in its entirety.

## CONCLUSION

**WHEREFORE**, defendant respectfully requests that its motion to dismiss be granted, that an order dismissing the Complaint be issued, that judgment in favor of defendant be entered and that defendant be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 11, 2010

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____/s/_____
Ivan D. Smith, Esq.
*Attorneys for Defendant*
77 Water Street, 21st Floor
New York, New York 10005
(212) 232-1300
ismith@lbbslaw.com

TO: Adam J. Fishbein, P.C.
Attorneys for Plaintiff
483 Chestnut Street
Cedarhurst, New York 11516
Attn: Adam J. Fishbein, Esq.